*Jagdesh v. Sessions*
BIA
Hom, IJ
A098 422 127

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand eighteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　PIERRE N. LEVAL,
　　　　DEBRA ANN LIVINGSTON,
　　　　　　*Circuit Judges.*
_____

SAVITRIE JAGDESH,
　　　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　16-1319
　　　　　　　　　　　　　　　　　　NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Savitrie Jagdesh, pro se, South Ozone Park, NY.

FOR RESPONDENT:　　　　Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Jessica D. Strokus, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Savitrie Jagdesh, a native and citizen of Guyana, seeks review of a March 31, 2016, decision of the BIA affirming a May 21, 2015, decision of an Immigration Judge ("IJ") denying Jagdesh's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Savitrie Jagdesh,* No. A 098 422 127 (B.I.A. Mar. 31, 2016), *aff'g* No. A 098 422 127 (Immig. Ct. N.Y. City May 21, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the BIA and the IJ "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Although Jagdesh's counsel before the

2

agency failed to exhaust any relevant arguments on appeal to the BIA, given Jagdesh's current pro se status, we have reviewed the record and the agency's rulings and find no error in the agency's conclusion that Jagdesh failed to meet her burden of proof.

To qualify for withholding of removal, an applicant must establish that her "life or freedom would be threatened" in the country of removal. 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A showing of past persecution creates a presumption of future persecution. 8 C.F.R. § 1208.16(b)(1). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably

3

obtain the evidence." *Id.* § 1158(b)(1)(B)(ii). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds, . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4).

As the agency found, Jagdesh did not produce reasonably available documentary evidence. First, at a minimum, she could have obtained testimony or statements from her father, stepmother, or sister, all of whom live in the United States. Second, she failed to provide any medical records, despite alleging that they were in the record, testifying to hospital treatment, and stating in her application that she had obtained a medical report that she filed with a magistrate in Guyana. Accordingly, there is nothing in the record that compels a conclusion that medical records were unavailable. *Id.* § 1252(b)(4).

Finally, the IJ reasonably declined to give weight to Jagdesh's one piece of evidence, a 2006 letter from the police in Guyana submitted to confirm that Jagdesh had reported threats from her husband in 1999. As the IJ reasoned, the

letter lacked foundation: it was created after Jagdesh came to the United States and she did not explain how she obtained it.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (reasoning that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ." (internal quotation marks omitted)).  Moreover, the letter conflicted with Jagdesh's testimony to the extent that it reported that there was an investigation, but that her ex-husband had gone into hiding.

Given the complete absence of reliable corroboration, the agency reasonably concluded that Jagdesh failed to meet her burden of proof.  8 U.S.C. § 1158(b)(1)(B)(ii).  This determination is dispositive of withholding of removal and CAT relief because both claims are based on the same factual predicate.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court